

# Fourth Court of Appeals
## San Antonio, Texas

October 25, 2017

No. 04-17-00681-CV

**IN THE INTEREST A.J.M., ET AL, CHILDREN**,

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA02126
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

Appellant has filed an amended notice of appeal, which does not use the full name of a minor in violation of Texas Rules of Appellate Procedure 9.8 and 9.9. However, the amended notice of appeal does not state whether "the appellant is presumed indigent and may proceed without paying costs under Rule 20.1." *See* Tex. R. App. P. 25.1(d)(8) (providing the required contents of a notice of appeal). Appellant filed a docketing statement, representing to this court that an affidavit regarding appellant's inability to afford payment of court costs was "filed in the trial court." The trial court's October 9, 2015 order states appellant shall file an affidavit pertaining to appellant's income. However, the clerk's record has been filed, and it does not contain an affidavit of indigence or sworn statement of inability to afford payment of court costs. *See id.* R. 20.1. The trial court originally appointed counsel in this case "under § 161.003(b)" of the Texas Family Code, which provision does not pertain to appellant's inability to afford payment of court costs. The trial court's subsequent order appointing new trial counsel appears to be based either on section 161.003 or on appellant being served by publication under section 107.013 of the Texas Family Code.

Consequently, a filing fee of $205 was due when this appeal was filed, but it was not paid. *See* Tex. Sup. Ct., *Fees Charged in the Supreme Court, In Civil Cases in the Courts of Appeals, and Before the Judicial Panel on Multi-District Litigation*, Docket No. 15-9158 (Aug. 28, 2015). The fee remains unpaid, and appellant has not filed a sworn statement of inability to afford payment of court costs. We therefore order appellant, by **November 9, 2017,** to either: (1) pay the filing fee; or (2) file a sworn statement of inability to afford payment of court costs. *See* Tex. R. App. P. 20.1 (providing that indigent party who complies with provisions of that rule may proceed without advance payment of costs). If appellant fails to respond satisfactorily within the time ordered, this appeal will be dismissed. *See* Tex. R. App. P. 5 (providing appellate courts may enforce rule requiring payment of costs "by any order that is just"); R. 42.3 (permitting appellate courts to dismiss an appeal when appellant fails to comply with a court order).

_____
Irene Rios, Justice


   IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of October, 2017.



_____
KEITH E. HOTTLE,
Clerk of Court